GEORGE McKEAGE, Plaintiff, v. THE HANOVER FIRE INSURANCE COMPANY, Defendant.

*Fixtures—what not, as between mortgagor and mortgagee.*

The owner of a house had two pier and two mantel mirrors made to order for his house, the pier mirrors resting on a casing at the bottom and attached to a hold-fast at the top, which was driven into the wall, the cornice being of the design of the mirror frame and connected with it. The mantel mirrors were hung on hooks driven into the wall. He also attached gas fixtures to the gas-pipes where they came out of the wall. He then sold the house to another, who thereafter gave a mortgage thereon, in the usual form of real estate mortgages, and not referring to those articles.

*Held,* that the mirrors and gas fixtures continued personal property, and were not covered by the mortgage.

Motion for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff directed by the court.

The action was brought to recover damages for the conversion of certain mirrors and gas fixtures in a house in Brooklyn, which plaintiff claimed by virtue of a bill of sale from one of the former owners of the house; and defendant, under a mortgage upon the house, executed by a prior owner. The question presented was whether these articles were fixtures or personal property.

*Philip L. Wilson*, for the plaintiff.

*C. E. Tracy*, for the defendant.

Dykman, J.:

The facts in this case bring it close to the line dividing fixtures into personalty and realty. On which side of the line it belongs is the question to be determined. The action is brought to recover the value of two pier mirrors, two mantel mirrors, and a number of gas fixtures. The mirrors were made to order for the owner of the house—one for the front parlor and one for the back parlor. The pier mirrors rested on a casing at the bottom and were attached at the top to a hold-fast, which was driven into the wall.

The mantel mirrors were hung on hooks, also driven into the wall. There was a cornice over each of the parlor windows, which was connected with the glasses at the top, and the frame of the pier glass and the cornice were of the same pattern or design. The gas fixtures were attached to the gas-pipes where they came out of the wall. After the owner had thus put in the mirrors and the fixtures he sold and conveyed the property to another, who gave a mortgage upon the house and lot to the defendant, in the usual form of real estate mortgages, without any particular mention of these articles. A subsequent owner of the fee of the premises subject to the defendant's mortgage sold the mirrors and fixtures in question to the plaintiff's assignor, and gave him a bill of sale therefor. The defendant's mortgage has now been foreclosed, and the premises bought in by the defendant at the sale, and now the plaintiff brings this action to recover the value of the articles, the defendant setting up the claim that the articles are attached to the house, and passed under the conveyances and the mortgage as a part of the realty. Thus again is presented the perplexing question what articles are fixtures so as to pass with the land, and what retain their character as chattels. No general rule ever has or ever can be laid down for the determination of this class of cases. Here the question must be considered as arising between grantor and grantee, or mortgagor and mortgagee, and in each case the rule is the same. The articles in question were not put in the house when it was built, and the house was not erected to receive them, but, on the contrary, they were put up in the house to be used there as chattels. There was no permanent attachment of the things to the freehold, and there was no difficulty in removing them from this house and putting them up in another. These are some of the tests recognized in the law by which to determine whether a chattel retains its character of personal property, and as they are in favor of the latter position, we think the articles in question retained that character. There seems to be no reason for holding that a mirror hung up or set up for use in a house becomes a fixture any more than a carpet which is nailed to the floor; neither should the intention with which it is put up control to make it a fixture. It is true the case does not stand so clear with the fixtures, but we are

inclined to hold them as chattels. We do not refer to the decisions in this State on the subject, although they have been very numerous, for the reason that it is impossible to reconcile them, or to gather from them any general rule. Each case must be determined upon its own facts, and after much reflection we think the articles were personal property, and that the judge at the Circuit was right in directing a verdict for the plaintiff, and a judgment must be ordered upon the verdict in his favor, with costs.

BARNARD, P. J., concurred, GILBERT, J., not sitting.

Exceptions overruled, and judgment for plaintiff upon the verdict.